UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Ronald Johnson,

  Plaintiff,

v.                    Civ. No. 04-4945 (JNE/SRN)
                      ORDER
U.S. Bank, N.A.; Oppenheimer, Wolff &
Donnelly LLP; Faegre & Benson LLP; and
Dorsey & Whitney LLP,

  Defendants.

---

Plaintiff Ronald Johnson appeared *pro se.*

Skip Durocher, Esq., Dorsey & Whitney LLP, appeared for Defendants U.S. Bank, N.A. and Dorsey & Whitney LLP.

Andrew Hansen, Esq., Oppenheimer, Wolff & Donnelly LLP, appeared for Defendant Oppenheimer, Wolff & Donnelly LLP.

Amy Freestone, Esq., Faegre & Benson LLP, appeared for Defendant Faegre & Benson LLP.

---

  Ronald Johnson brought this action against U.S. Bank, N.A., Oppenheimer, Wolff & Donnelly LLP, Faegre & Benson LLP, and Dorsey & Whitney LLP (collectively, Defendants) in state court and Defendants removed it to this Court. The case is before the Court on Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment and for an Injunction Against the Plaintiff and Motion for Costs and Fees.[1] For the reasons set forth below, the Court dismisses this action, issues an injunction against Johnson, and denies Defendants' motion for fees and costs.

---

[1]  Also before the Court is Defendants' Motion for Leave to File a Tardy Reply. The record reveals that Defendants could not timely file a reply because Johnson responded after the deadlines for him to respond and for Defendants to reply had passed. Accordingly, the Court grants Defendants leave to file a tardy reply. *See* D. Minn. R. 7.1(d).

1

## I.   BACKGROUND

In 2002, Johnson brought an action (Civil No. 02-811) against U.S. Bank, Oppenheimer, Wolff & Donnelly, and Faegre & Benson in this Court. On January 17, 2003, the Honorable Franklin L. Noel, United States Magistrate Judge, recommended that each defendant's motion for summary judgment be granted because the applicable statutes of limitation barred the claims or the record lacked evidence to support the claims. The magistrate judge noted that Johnson appeared "to reassert claims that were previously rejected" by federal and state courts. On March 31, 2003, the Court adopted the report and recommendation and dismissed the action with prejudice. The Court also noted "most if not all of [Johnson's] claims against the Bank and Oppenheimer . . . were raised in prior proceedings and decided adversely to [Johnson]." Later, the Court denied Johnson's request to file a motion to reconsider. *Johnson v. U.S. Bank, N.A.*, Civ. No. 02-811, 2003 WL 21312675, at *2 (D. Minn. May 23, 2003). Johnson appealed and the Eighth Circuit affirmed. *Johnson v. U.S. Bank, N.A.*, No. 03-2717, 2004 WL 726655 (8th Cir. Apr. 6, 2004). On May 13, 2004, the Eighth Circuit denied his petition for rehearing by the panel and petition for rehearing en banc. On June 30, 2004, the Eighth Circuit denied Johnson's motion to suspend the rules and grant hearing en banc and his motion to recall the mandate. On October 18, 2004, the Supreme Court denied Johnson's petition for writ of certiorari. *Johnson v. U.S. Bank, N.A.*, 125 S. Ct. 368 (2004). Less than one month later, Johnson brought this action in state court.

This action differs from Civil No. 02-811 in two ways. First, Johnson names Dorsey & Whitney, U.S. Bank's counsel in Civil No. 02-811, as a defendant. Second, Johnson's complaint in this action consists of his Amended Complaint from Civil No. 02-811 and a "Preamble." The Preamble essentially recounts events that led up to the filing of Civil No. 02-811 and that

action's appellate history.  Defendants now move to dismiss the action, enjoin Johnson from further litigation based on his previously dismissed action, and sanction him.

## II.   DISCUSSION

**A.   Defendants' motion to dismiss or, in the alternative, for summary judgment**

Defendants move to dismiss or, in the alternative, for summary judgment.  Because the motion was filed after the close of pleadings and the materials submitted in support of the motion are matters of public record, the Court regards the motion as a motion for judgment on the pleadings.  *See* Fed. R. Civ. P. 12(c); *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999); *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990); *St. Paul Ramsey County Med. Ctr. v. Pennington County, S.D.*, 857 F.2d 1185, 1187 (8th Cir. 1988).  "Judgment on the pleadings should be granted only if the moving party clearly establishes that there are no material issues of fact and that it is entitled to judgment as a matter of law."  *Porous Media*, 186 F.3d at 1079.

Defendants assert that res judicata bars Johnson's claims.  To determine whether the doctrine of res judicata bars litigation of a claim, a court must consider:  (1) whether a court of competent jurisdiction rendered the prior judgment; (2) whether the prior judgment was a final judgment on the merits; and (3) whether the same cause of action and the same parties or their privies were involved in both cases.  *Banks v. Int'l Union of Elec., Elec., Technical, Salaried & Mach. Workers*, 390 F.3d 1049, 1052 (8th Cir. 2004); *Canady v. Allstate Ins. Co.*, 282 F.3d 1005, 1014 (8th Cir. 2002).

First, a court of competent jurisdiction—this Court—rendered the prior judgment.  Johnson's assertion that the Court lacked subject matter jurisdiction over Civil No. 02-811 has no merit.

Second, "[i]t is well established that summary judgment is a final judgment on the merits for purpose of *res judicata.*" *Dicken v. Ashcroft*, 972 F.2d 231, 233 n.5 (8th Cir. 1992).  On March 31, 2003, the Court granted motions for summary judgment by U.S. Bank, Faegre & Benson, and Oppenheimer, Wolff & Donnelly and dismissed the action with prejudice.  Accordingly, the prior judgment was a final judgment on the merits.

Third, this case is identical to Civil No. 02-811 with the exception of the Preamble and the presence of Dorsey & Whitney as a defendant.  The Preamble recounts the events leading up to the filing of Civil No. 02-811 and that action's appellate history.  It also reveals that Johnson named Dorsey & Whitney as a defendant in this case because Dorsey & Whitney represented U.S. Bank in Civil No. 02-811.  Under these circumstances, Dorsey & Whitney is in privity with U.S. Bank for purposes of res judicata.  *See Plotner v. AT&T Corp.*, 224 F.3d 1161, 1169 (10th Cir. 2000); *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1235 n.6 (7th Cir. 1986).  The Court therefore concludes that the same cause of action and the same parties or their privies are involved in this case and the case previously dismissed.

In short, this action is effectively the same as Civil No. 02-811.  Res judicata bars Johnson's claims.  The Court therefore grants Defendants' motion for judgment on the pleadings.

**B.     Defendants' motion for injunctive relief**

Defendants ask the Court to enjoin Johnson from bringing any more actions based on the subject matter of Civil No. 02-811.  Under the All Writs Act, 28 U.S.C. § 1651(a) (2000), a court may enjoin future litigation to protect the res judicata effects of its prior judgments. *Canady*, 282 F.3d at 1019-20.  To determine whether injunctive relief is warranted, a court considers:  (1) the threat of irreparable harm to the moving party; (2) the balance between this harm and the injury caused by granting the injunction; (3) the probability of success on the merits; and (4) the public

4

interest. *Id*. at 1020. In this case, Defendants suffered irreparable harm because they had to defend an action that is the same as an action previously dismissed by this Court. *See id*. The deprivation of Johnson's ability to pursue previously dismissed claims does not constitute a harm to balance against the harm experienced by Defendants. *See id.* As to the third factor, the Court dismissed Civil No. 02-811 and res judicata bars this action. Defendants have prevailed on the merits. *See id*. Finally, the public interest favors the protection of the Court's prior judgment. *See id*. For these reasons, the Court concludes that it is equitable to enjoin Johnson from commencing any more actions based on his previously dismissed action.

**C.**     **Defendants' motion for fees and costs**

Defendants move to sanction Johnson under Rule 11 of the Federal Rules of Civil Procedure. By presenting a pleading to a court, an unrepresented party certifies that it is not being presented for an improper purpose and that its allegations have, or are likely to have, evidentiary support. Fed. R. Civ. P. 11(b). A court may impose a sanction for a violation of this rule and the sanction "shall be limited to what is sufficient to deter repetition of such conduct." Fed. R. Civ. P. 11(c). Defendants ask the Court to require Johnson to pay the reasonable attorney fees and costs they incurred in defending this action. Having granted Defendants' motion for injunctive relief, the Court concludes that monetary sanctions are not appropriate at this time.

**D.**     **Johnson's amended complaint**

After the Court heard argument on Defendants' motions, Johnson served and filed an amended complaint. Because Defendants answered the original complaint before Johnson attempted to amend, he may amend the complaint "only by leave of court or by written consent of the adverse party." Fed. R. Civ. P. 15(a). Rule 15(a) requires leave to be "freely given when

justice so requires." There is nothing in the record to demonstrate that Defendants consented to the amendment. Hence, Johnson must move to amend his pleading. *See id*.; D. Minn. R. 15.1.

Johnson did not file a motion for leave to amend his complaint. Instead, he served and filed an amended complaint without leave of court. Johnson's *pro se* status does not excuse him from complying with the Federal Rules of Civil Procedure and the Local Rules. *See Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996). By Order of January 27, 2005, the Court admonished Johnson of the consequences of failure to comply with the rules governing this action: "the Court will not entertain any motions that are not brought in accordance with the Local Rules." Accordingly, the Court declines to consider his amended complaint.[2]

### III. CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendants' Motion for Costs and Fees [Docket No. 11] is DENIED.

2. Defendants' motion for judgment on the pleadings and for injunctive relief [Docket No. 14] is GRANTED.

3. Defendants' Motion for Leave to File a Tardy Reply [Docket No. 40] is GRANTED.

---

[2] Even if the Court overlooks Johnson's failure to seek leave to amend and construes his service and filing of an amended complaint without leave of Court as a motion for leave to amend, the interest of justice does not require the Court to grant him leave to amend. Under Rule 15(a), a district court should deny leave to amend "only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001). Johnson's repeated disregard of the Court's orders and willingness to engage in vexatious litigation persuade the Court that his attempt to amend his complaint is pursued in bad faith.

4. Johnson and his agents, employees, servants, employees, and attorneys are PERMANENTLY ENJOINED from bringing another action against Defendants based on the subject matter of *Johnson v. U.S. Bank, N.A.*, Civ. No. 02-811 (D. Minn. filed Apr. 17, 2002).

5. This case is DISMISSED WITH PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  June 17, 2005

s/ Joan N. Ericksen_____
JOAN N. ERICKSEN
United States District Judge