UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Ronald Johnson,

       Plaintiff,

v.                                                                    Civ. No. 04-4945 (JNE/SRN)
                                                                      ORDER
U.S. Bank, N.A.; Oppenheimer, Wolff &
Donnelly LLP; Faegre & Benson LLP; and
Dorsey & Whitney LLP,

       Defendants.

By Order of June 17, 2005, the Court granted Defendants' motion for judgment on the pleadings and for injunctive relief, permanently enjoined Plaintiff from bringing another action based on the subject matter of *Johnson v. U.S. Bank, N.A.*, Civ. No. 02-811 (D. Minn. filed Apr. 17, 2002), declined to consider Plaintiff's amended complaint, and dismissed this case with prejudice. Judgment was entered the same day. On July 1, 2005, Plaintiff moved to vacate the judgment pursuant to Federal Rule of Civil Procedure 59.

"A motion under Rule 59(e) serves an extremely limited function: to correct manifest errors of law or fact." *In re Nash Finch Co. Sec. Litig.*, 338 F. Supp. 2d 1037, 1038 (D. Minn. 2004) (citing *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)). In support of his motion, Plaintiff asserts that: (1) he was entitled to amend his complaint; (2) he was entitled to conduct discovery; (3) the undersigned United States District Judge should have recused; (4) the Court lacked jurisdiction; and (5) the Court should have remanded the case to state court. The Court has reviewed the record and discerns no errors of law or fact in the

resolution of the issues identified by Plaintiff.  Accordingly, the Court declines to vacate the judgment.[1]

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1.    Plaintiff's motion to vacate [Docket No. 60] is DENIED.

Dated: July 6, 2005

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge

---

[1]    The same conclusion is warranted under Federal Rule of Civil Procedure 60(b), which Plaintiff did not identify as a basis of his motion.  "Under Rule 60(b), the movant must demonstrate exceptional circumstances to justify relief."  *Brooks v. Ferguson-Florissant Sch. Dist.*, 113 F.3d 903, 904 (8th Cir. 1997).  Plaintiff has not demonstrated exceptional circumstances that warrant relief from the judgment of June 17, 2005.